UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALARSHA M. HOWARD, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:09CV2098 JCH |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on pro se Movant Alarsha M. Howard's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed December 22, 2009. (Doc. No. 1).

**BACKGROUND**

By way of background, on August 19, 2008, Movant pled guilty to one count of distribution and possession with the intent to distribute in excess of 100 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1). The Plea Agreement recommended a base offense level of 26, with a full three level decrease if Movant accepted responsibility for his conduct under Section 3E1.1 of the Sentencing Guidelines. (Plea Agreement, Guidelines Recommendations and Stipulations (4:08CR183 JCH, Doc. No. 32), PP. 7-8). With respect to Chapter 2 Specific Offense Characteristics, the Agreement stated as follows:

> There is a dispute between the parties as to whether two (2) levels should be added pursuant to Section 2D1.1(b)(1). It is the government's position that defendant possessed a firearm in conjunction with the offense. Defendant disputes the same. The parties have agreed that the Court will determine the applicability or lack thereof of this Specific Offense Characteristic at the time of sentencing.

(Id., P. 7). The parties thus estimated a total offense level "as high as 25 [or] as low as 23." (Id., P. 8). The Plea Agreement left the determination of Movant's Criminal History Category to the Court, after it reviewed the Presentence Report. (Id.). Pursuant to the Plea Agreement, Movant waived his post-conviction rights, including both his appeal rights and his habeas corpus rights. (Id., PP. 3-4).

On November 7, 2008, after hearing legal argument on the Specific Offense Characteristic issue, this Court ruled that the two-point adjustment applied. Movant thus was sentenced to seventy months imprisonment, followed by a four year term of supervised release. (Judgment (08CR183 JCH, Doc. No. 38)). Movant appealed his sentence, but the Government's motion to dismiss the appeal on the basis of waiver was granted on February 20, 2009. (Judgment of the Eighth Circuit Court of Appeals (08CR183 JCH, Doc. No. 46)). As stated above, the instant § 2255 Motion was filed on December 22, 2009[1], alleging the following two grounds for relief:

(1) That the district court erred in applying a two-point enhancement for Movant's alleged possession of a weapon in connection with his drug offense[2]; and

(2) That Movant received ineffective assistance of counsel, in that counsel failed to reserve Movant's right to appeal the issue of the enhancement for possession of a weapon in connection with a drug offense.

(§ 2255 Motion, PP. 5-7).

## STANDARDS GOVERNING MOTIONS UNDER 28 U.S.C. § 2255

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court

---

[1] "A 1-year period of limitation shall apply to a motion under [§ 2255]." 28 U.S.C. § 2255. "The limitation period shall run from...(1) the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(1). As stated above, the Eighth Circuit Court of Appeals entered its Judgment on February 20, 2009. The present motion, filed December 22, 2009, thus is within the 1-year limitation period pursuant to § 2255.

[2] Movant raised Ground 1 of the instant motion on direct appeal.

was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack,..." 28 U.S.C. § 2255. Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, can be raised "on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" Reed v. Farley, 512 U.S. 339, 354, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994) (citations omitted).[3]

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994) (citing 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle him to relief.'" Payne v. United States, 78 F.3d 343, 347 (8th Cir. 1996) (quoting Wade v. Armontrout, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "'without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" Shaw, 24 F.3d at 1043 (citation omitted).

**I.    Ground 1**

As stated above, in Ground 1 of his § 2255 Motion Movant asserts the district court erred in applying a two-point enhancement for Movant's alleged possession of a weapon in connection with his drug offense. (§ 2255 Motion, PP. 5-6). The Plea Agreement between Movant and the Government contained the following waiver of habeas corpus rights:

> (2)    *Habeas Corpus***:** The defendant acknowledges being guilty of the crime(s) to which a plea is being entered, and further states that neither defense counsel nor the government has made representations which are not included in this document as to

---

[3] "[A]t least where mere statutory violations are at issue, '§ 2255 was intended to mirror § 2254 in operative effect.'" Reed, 512 U.S. at 353 (quoting Davis v. United States, 417 U.S. 333, 344 (1974)).

> the sentence to be imposed. The defendant further agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

(Plea Agreement, Guidelines Recommendations and Stipulations (4:08CR183 JCH, Doc. No. 32), P. 4). The Government contends that by virtue of this provision, Movant has waived his right to bring Ground 1 of the instant motion. (Government's Response to Movant's Motion to Vacate, Set Aside or Correct Sentence pursuant to Title 28, United States Code, Section 2255, PP. 4-5).

The Eighth Circuit has held that a defendant's right to appeal his conviction or sentence is purely a statutory right, and, "[i]t is well settled that a procedural right, whether constitutionally derived or grounded in statute, may be waived by a criminal defendant." United States v. Mendoza, 341 F.3d 687, 695 (8th Cir. 2003) (internal quotations and citation omitted). Further, waivers of both direct-appeal rights and collateral-attack rights are enforceable in the plea agreement context. DeRoo v. United States, 223 F.3d 919, 923 (8th Cir. 2000) (citations omitted). Accordingly, direct-appeal and collateral-attack waivers are generally binding, and the Court will not review a waived issue, "unless the plea agreement was not entered knowingly and voluntarily." United States v. Mendoza, 341 F.3d at 695 (citations omitted).

During the Change of Plea Proceeding in the instant case, the District Court questioned Movant with respect to his guilty plea and the waiver of his right to file a § 2255 motion, as follows:

> THE COURT: Now, do you understand that you are under oath and if you would answer any of my questions falsely, you might later be prosecuted for making a false statement or for perjury?
>
> DEFENDANT: Yes, ma'am....
>
> THE COURT: Now, I've received a document entitled Plea Agreement, Guidelines Recommendations, and Stipulations. This is a 15-page document....Now, Mr. Howard, have you had an opportunity to review and discuss the provisions of this document with Mr. Holmes (Movant's attorney)?

DEFENDANT:     Yes, ma'am.

THE COURT:     And are you in agreement with everything contained in this document?

DEFENDANT:     Yes, ma'am.

THE COURT:     Is there anything in this document with which you disagree?

DEFENDANT:     No, ma'am.

THE COURT:     Do you have any questions about any provision of this document?

DEFENDANT:     No, ma'am.

THE COURT:     Has anyone made any promises or assurances to you other than what's contained in this document--

DEFENDANT:     No, ma'am.

THE COURT:     --in order to cause you to plead guilty?

DEFENDANT:     No, ma'am....

THE COURT:     Do you also understand, Mr. Howard, that the maximum possible penalty for the offense in Count I is a term of imprisonment of not less than five years nor more than 40 years, a fine of not more than two million dollars, or both imprisonment and a fine?

DEFENDANT:     Yes, ma'am....

THE COURT:     And in the next section, under Section 2C(2), on page 4, you have also agreed that if I accept your plea of guilty you will waive or give up your right to challenge the conviction or the sentence in a subsequent proceeding unless you challenge it on the grounds of the prosecutor's misconduct or ineffective assistance of counsel, and, again, have you discussed that waiver with Mr. Holmes?

DEFENDANT:     Yes, ma'am.

THE COURT:     Do you have any questions about it?

DEFENDANT:     No ma'am.

| | |
|---|---|
| THE COURT: | Are you in agreement with it? |
| DEFENDANT: | Yes, ma'am.... |
| THE COURT: | And how do you plead then to Count I--guilty or not guilty? |
| DEFENDANT: | Guilty. |

(Change of Plea Hearing Transcript (4:08CR183 JCH, Doc. No. 42), PP. 2, 4-9, 14). Based on Movant's representations during his Change of Plea proceeding, the District Court held as follows:

| | |
|---|---|
| THE COURT: | It is the finding of the Court in the case of United States versus Howard that the Defendant is fully competent and capable of entering an informed plea, that the Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense in Count I. The plea to Count I is therefor accepted, and the Defendant is now adjudged guilty of that offense.... |

(Id., PP. 14-15).

The Eighth Circuit has held that, "'[s]olemn declarations in open court carry a strong presumption of verity.'" Smith v. Lockhart, 921 F.2d 154, 157 (8th Cir. 1990), quoting Blackledge v. Allison, 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977). This Court thus finds that Movant entered his plea of guilty in a knowing and voluntary manner, and further that Ground 1 of Movant's § 2255 Motion does not raise an issue that was preserved in the Plea Agreement. United States v. Mendoza, 341 F.3d at 695. The Court therefore will enforce the Plea Agreement as written, and dismiss Ground 1 of Movant's § 2255 Motion. Id. at 695-96.

**II.   Ground 2**

As stated above, in Ground 2 of his § 2255 Motion Movant asserts he received ineffective assistance of counsel, in that counsel failed to reserve Movant's right to appeal the issue of the enhancement for possession of a weapon in connection with a drug offense. (§ 2255 Motion, PP. 6-7). In order to prevail on a claim of ineffective assistance of counsel, Movant must show that his

attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, Movant must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if Movant satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 691. Movant must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In the context of a guilty plea, to demonstrate prejudice the Movant must show that, but for counsel's error, he would not have pled guilty, but would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

Upon consideration, the Court finds that with this claim, Movant fails to satisfy either prong of the Strickland test. With respect to deficient performance, attached to the Government's response is an Affidavit from Mr. Holmes, in which he testifies in relevant part as follows:

> I met with Mr. Howard numerous times during the course of my representation. I reviewed the indictment as well as the discovery with him. I also [h]ad several meetings with his family. After reviewing the evidence and discussing the case, Mr. Howard stated that he did not wish to go to trial. One of the factors that we discussed was the possibility of the government filing an 851 enhancement if he went to trial. I then proceeded with plea negotiations with the Assistant United States Attorney Kenneth Tihen.
>
> During plea negotiations, I attempted to convince [] Mr. Tihen that the firearm seized at the time of Mr. Howard's arrest was not related to the drug offense. After numerous attempts, the government stated that it would not agree that the firearm was not related to the instant offense. I informed Mr. Howard of the government's position and I approached Mr. Tihen again asking if he would allow us to argue the gun issue before the court. He agreed. I also, requested if the appeal waiver could be removed from the plea agreement. Mr. Tihen refused. I then requested that Mr. Howard only be allowed to appeal the limited issue regarding the firearm. Again Mr.

Tihen refused. These discussions were communicated to Mr. Howard. We discussed the advantages and disadvantages of the plea agreement prior to Mr. Howard entering a guilty plea. We also discussed pleading blind (without a plea agreement), but Mr. Howard was not comfortable with that option.

I contacted Mr. Howard's mother regarding her willingness to testify about the firearm. She agreed, however Mr. Tihen stated that he would agree with the facts of her testimony and make an argument on the application of the law. Therefore, no witnesses were called at the sentencing hearing.

At sentencing arguments were heard regarding Mr. Howard'[s] objection to the firearm enhancement. Judge Hamilton denied the objection, but stated that the issue was one for the 8th Circuit. Mr. Howard instructed me to file an appeal. I did so despite the waiver. I attempted to circumvent the waiver on the basis that the application of the firearm enhancement constituted an illegal sentence that was inconsistent with the law. The appeal was ultimately dismissed.

Mr. Howard was kept informed throughout the process of the government's position. He was also aware of the possibility of being enhanced if he went to trial or did not enter a plea in a reasonable time frame.

(Doc. No. 6-3). Movant does not dispute any of the assertions in Mr. Holmes' affidavit. Under these circumstances, the Court finds Mr. Holmes' performance fell well within the wide range of professionally competent assistance sanctioned by Strickland.

With this claim, Movant fails to demonstrate the requisite prejudice as well; in other words, he fails to establish that absent his counsel's alleged error, he would have insisted on proceeding to trial. Rather, during the guilty plea proceeding the District Court questioned Movant extensively regarding his decision to plead guilty, as follows:

| | |
|---|---|
| THE COURT: | Now, Mr. Howard, have you received a copy of the indictment or the charges against you? |
| THE DEFENDANT: | Yes, ma'am, I have. |
| THE COURT: | And have you had an opportunity to review and discuss those charges with Mr. Holmes? |
| THE DEFENDANT: | Yes, ma'am. |
| THE COURT: | Do you have any question about the charges themselves? |

THE DEFENDANT: No, ma'am....

THE COURT: Now, I've received a document entitled Plea Agreement, Guidelines Recommendations, and Stipulations. This is a 15-page document, and I have the original in front of me. Do you have a copy there in front of you, Mr. Howard?

THE DEFENDANT: Yes, ma'am.

THE COURT: Turning to Page 15, which is the last page, is that your signature, the middle signature on page 15?

THE DEFENDANT: Yes, ma'am.

THE COURT: And did you sign that this morning?

THE DEFENDANT: Yes, ma'am....

THE COURT: Now, Mr. Howard, have you had an opportunity to review and discuss the provisions of this document with Mr. Holmes?

THE DEFENDANT: Yes, ma'am.

THE COURT: And are you in agreement with everything contained in this document?

THE DEFENDANT: Yes, ma'am.

THE COURT: Is there anything in this document with which you disagree?

THE DEFENDANT: No, ma'am.

THE COURT: Do you have any questions about any provision of this document?

THE DEFENDANT: No, ma'am.

THE COURT: Has anyone made any promises or assurances to you other than what's contained in this document--

THE DEFENDANT: No, ma'am.

THE COURT: -- in order to cause you to plead guilty?

THE DEFENDANT: No, ma'am.

| | |
|---|---|
| THE COURT: | Has anyone tried to force or coerce you into pleading guilty? |
| THE DEFENDANT: | No, ma'am. |
| THE COURT: | Are you doing this of your own free will? |
| THE DEFENDANT: | Yes, ma'am.... |

(Change of Plea Hearing Transcript (4:08CR183 JCH, Doc. No. 42), PP. 4-6). The Court further questioned Movant as to his understanding of the possible penalties associated with his plea of guilty. (Id., PP. 6-10). Mr. Tihen[4] then stated the relevant facts in Movant's case. (Id., PP. 11-12). Movant testified under oath that he agreed with everything Mr. Tihen had stated, and that he had committed the acts as described by Mr. Tihen and in the stipulation. (Id., P. 13). When asked how he intended to plead to the indictment, guilty or not guilty, Movant stated guilty. (Id., P. 14). Finally, the Court questioned Movant with respect to his satisfaction with counsel, as follows:

| | |
|---|---|
| THE COURT: | Are you satisfied with the representation that you have received from Mr. Holmes in this case? |
| THE DEFENDANT: | Yes, ma'am. |
| THE COURT: | Do you have any complaints whatsoever about his representation of you? |
| THE DEFENDANT: | No, ma'am. |

(Id., P. 4). Based on Movant's representations during his change of plea proceeding, the Court held as follows:

| | |
|---|---|
| THE COURT: | It is the finding of the Court in the case of United States vs. Howard that the Defendant is fully competent and capable of entering an informed plea, that the Defendant is aware of the nature of the charges and consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense in Count I. The plea to Count I is |

---

[4] Kenneth Tihen was the Assistant United States Attorney assigned to Movant's case.

> therefor accepted, and the Defendant is now adjudged guilty
> of that offense....

(Id., PP. 14-15).

As noted above, the Eighth Circuit has held that, "[s]olemn declarations in open court carry a strong presumption of verity." Smith, 921 F.2d at 157 (8th Cir. 1990) (internal quotations and citation omitted). This Court thus finds that Movant's own testimony demonstrates he committed the offense at issue, voluntarily pled guilty, and received effective assistance of counsel. Smith, 921 F.2d at 157. Ground 2 of Movant's § 2255 Motion will therefore be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) is **DENIED,** and his claims are **DISMISSED** with prejudice. An Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Movant cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).

Dated this 21st day of December, 2010.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE